UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| RENEE D. WHITE and SHARON R. RICKS,<br><br>                Plaintiffs,<br>v.<br><br>THE GHS GROUP, *et al.*,<br>                Defendants.<br>_____/ | Case No. 24-11752<br><br>Terrence G. Berg<br>United States District Judge<br><br>Curtis Ivy, Jr.<br>United States Magistrate Judge |

### **ORDER DENYING PLAINTIFFS' MOTION TO STRIKE (ECF No. 11)**

Plaintiffs filed this case without the assistance of counsel on July 8, 2024. (ECF No. 1). They moved to strike Defendants' answer and affirmative defenses under Fed. R. Civ. P. 12(f). (ECF No. 11). Defendants oppose the motion. (ECF No. 13).

Under Rule 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." An allegation is "scandalous" when it "unnecessarily reflects on the moral character of an individual or states anything in repulsive language that 'detracts from the dignity of the court.'" *State Farm Mut. Auto. Ins. Co. v. Pointe Physical Therapy, LLC*, 107 F. Supp. 3d 772, 801 (E.D. Mich. 2015) (citing *L and L Gold Assoc., Inc. v. American Cash for Gold, LLC*, 2009 WL 1658108, at *1 (E.D. Mich. June 10, 2009)). An allegation is "immaterial" when there is no essential nexus between the

matter at issue and the claim. *Llewellyn-Jones v. Metro Prop. Grp., LLC*, 22 F. Supp. 3d 760, 776 (E.D. Mich. 2014). An "impertinent" allegation is one that is rude or otherwise lacking in respect and similarly has no bearing on the Court's adjudication of the matter in controversy. *Id.*

Affirmative defenses are considered immaterial if they "bear[ ] no essential or important relationship to the primary claim for relief." *McKinnie v. Lundell Mfg. Co.*, 825 F. Supp. 834, 835 (W.D. Tenn. June 25, 1993) (internal quotations omitted). "An affirmative defense is insufficient if, as a matter of law, the defense cannot succeed under any circumstances." *Id.* (citations omitted).

"Motions to strike are viewed with disfavor and not frequently granted." *Operating Eng'rs Loc. 324 Health Care Plan v. G & W Constr. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015) (citing *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953)).

Plaintiffs lodge general objections to the answers and defenses. None of those objections establish scandalous, impertinent, or immaterial answers or defenses. For example, Plaintiffs insist that Defendants have the information showing they are entitled to relief, so the response that they are without sufficient knowledge or information to form a belief as to the truth of the allegation should be stricken. (*See, e.g.*, ECF No. 11, PageID.168). Plaintiffs have not met their burden to show that the answers run afoul of Rule 12.

Plaintiffs insist that Defendants' affirmative defenses are legally unsupported.  For instance, one affirmative defense is that the Fair Housing Act claim was filed outside the statute of limitations.  (ECF No. 8, PageID.160, ¶ 33). Plaintiffs say that this defense is "fraudulent and void" because complaints are due within 180 days of the discrimination under Michigan law and 365 days under federal law.  There are no citations to the Michigan or federal law they reference. Defendants, they contend, failed to honor their promise of services on December 6, 2023.  Plaintiffs therefore insist that this case was timely filed.  (ECF No. 11, PageID.171).  They challenge the legal support of the affirmative defenses yet provide no legal support and analysis of their own to show that none of the defenses could succeed under any circumstances.  "Generally, . . . a Rule 12(f) motion should not be granted if the insufficiency of the defense is not clearly apparent or if it raises factual issues that should be determined on a hearing on the merits." *Hemlock Semiconductor Corp. v. Deutsche Solar GmbH*, 116 F. Supp. 3d 818, 823 (E.D. Mich. 2015) (quoting *Hahn v. Best Recovery Servs., LLC*, 2010 WL 4483375, at 2 (E.D. Mich. Nov. 1, 2010)).  The Court will not conduct legal analysis and assess the merits and sufficiency of answers and defenses; that is Plaintiffs' burden.

For these reasons, and the reasons stated in Defendants' response brief, the motion to strike is **DENIED**.

**IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d). A party may not assign as error any defect in this Order to which timely objection was not made. Fed. R. Civ. P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in effect unless it is stayed by the magistrate judge or a district judge. E.D. Mich. Local Rule 72.2.

Date: December 9, 2024                     s/Curtis Ivy, Jr.
                                            Curtis Ivy, Jr.
                                            United States Magistrate Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on December 9, 2024.

                                            s/Sara Krause
                                            Case Manager
                                            (810) 341-7850